IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

CARTRELL R. SMITH, *et al*,

    Plaintiffs,

v.                                                                         Civ. No. 25-0386-KG-JHR

CHAVES COUNTY, *et al*,

    Defendants.

MEMORANDUM OPINION AND ORDER

This matter is before the Court on the *pro se* Prisoner Civil Rights Complaint and supplemental filings in this case, which were submitted by eight inmate-plaintiffs: Cartrell R. Smith; Gustavo Ramirez; Justin Christie; Michael Gramm; Mitchell Shirk; Christopher Garcia-Perez; Jaime Ayala; and Xavier Barela. (Docs. 1-6). The inmate-plaintiffs were previously all detained at the Chavez County Detention Center (CCDC). The pleadings raise civil rights claims based on the alleged confiscation of religious materials. As an initial matter, the Court must determine whether it is feasible or permissible for multiple *pro se* plaintiffs to prosecute this case.

Fed. R. Civ. P. 20 governs the joinder of multiple plaintiffs. The Court, in its discretion, may permit a joinder where all claims arise from the same transaction/occurrence and share at least one question of law or fact. *See* Rule 20(a)(1); *Hefley v. Textron, Inc.*, 713 F.2d 1487, 1499 (10th Cir. 1983) (permissive joinder is a matter of discretion).

Even where these requirements are met, the Court may disallow a joinder based on the inherent impracticalities associated with *pro se* prisoner litigation. *See Bourn v. Geo Grp., Inc.*, 2012 WL 451286, at *2 (D. Colo. Feb. 13, 2012) ("Many federal district courts have found that

the pervasive impracticalities associated with multiple-plaintiff prisoner litigation militate against permissive joinder otherwise allowed by Fed. R. Civ. P. 20(a)(1)"); *Ricky L. Hollins, et al., v. KDOC Staff, et al.,* 2024 WL 4836237, at *3 (D. Kan. Nov. 20, 2024) ("district courts also have found that the impracticalities inherent in multiple-plaintiff [prisoner] lawsuits militate against permissive joinder otherwise allowed by Rule 20(a)(1)"); *Adams v. GEO Grp., Inc.*, 2021 WL 2407436, at *1 (W.D. Okla. Apr. 13, 2021) (same); *Bastian v. Jaramillo*, 2023 WL 4182806, at *2 (D.N.M. June 21, 2023) (same).  If multiple plaintiffs proceed in one case, for example, "any pleading filed [would need to] bear [each of] their signatures pursuant to [Fed. R. Civ. P.] 11(a)." *Bastian*, 2023 WL 4182806, at *2.  Prison transfers "could, at any time, restrict interpersonal communication between Plaintiffs," preventing "them from … conferring with one another, reviewing proposed pleadings [to comply with Rule 11], and … meet[ing] the court's deadlines." *Dill v. Thomas*, 2023 WL 8115921, at *1–2 (W.D. Okla. Oct. 31, 2023).  *See also Pinson v. Whetsel*, 2007 WL 428191, at *1 (W.D. Okla. Feb. 1, 2007) ("If one inmate is moved during the course of the litigation, the court may find itself in the position of ordering prison officials to allow co-plaintiff inmates to correspond with each other, in derogation of a … legitimate prison policy.").

"A prisoner litigating jointly under Rule 20 [also] takes th[e] risks for *all* claims in the complaint, whether or not they concern him personally." *Boriboune v. Berge*, 391 F.3d 852, 855 (7th Cir. 2004) (emphasis in original).  This means that if the inmate-plaintiffs are proceeding *in forma pauperis* – which is true in the vast majority of cases – they could all accrue strikes under 28 U.S.C. § 1915(g) if the complaint is dismissed for failure to state a cognizable claim.  *Id.* (explaining the risk that one plaintiff would accrue a strike by signing another plaintiff's filing); 28 U.S.C. § 1915(g) (noting inmate-plaintiffs accrue a strike each time their case is dismissed for failure to state a cognizable claim and that they cannot proceed *in forma pauperis* after accruing

three strikes). Finally, "multiple-plaintiff prisoner litigation also raises concerns that *pro se* prisoner plaintiffs might be seeking to impermissibly provide legal assistance to each other in pursuing their claims." *Hunnicutt v. Smith*, 2021 WL 3618315, at *20–21 (D.N.M. Aug. 16, 2021) (quotations omitted).

The filings here implicate a number of these concerns. All eight inmate-plaintiffs signed the opening pleading, while another complaint was only signed by Plaintiff Justin Christie. (Doc. 1); (Doc. 3). A different Plaintiff – Cartrell Smith – filed his own motion to add Defendants. (Doc. 5). Smith's motion attaches affidavits from fellow inmates. However, several affiants are not plaintiffs in this case, and the affidavits address topics that are unrelated to the claims in original and amended complaints. On this record, the Court cannot discern the scope of the joined claims. All inmate-plaintiffs are also no longer located at the same facility. Plaintiff Justin Christie filed a notice on May 22, 2025, which reflects he was transferred to the Central New Mexico Correctional Facility (CNMCF).

Courts take different approaches where, as here, inmate-plaintiffs are not permitted to proceed together under Rule 20. Most courts dismiss the entire case and require each plaintiff to file their own case. *See Olivas v. Wilkans,* 2025 WL 1263289, at *1 (D.N.M. 2025) (Hon. Kea Riggs) (dismissing multi-plaintiff inmate case without prejudice); *Murray v. Wilkens*, 2025 WL 776950, at *1 (D.N.M. 2025) (Hon. David Urias) (same); *Riley v. Tafoya,* 2025 WL 677027, at *1 (D.N.M. 2025) (Hon. Martha Vazquez) (same); *Ricky L. Hollins, et al., v. KDOC Staff, et al.,* 2024 WL 4836237, at *3 (D. Kan. Nov. 20, 2024) (noting the case featuring multiple inmate-plaintiffs "may not proceed as filed and is dismissed without prejudice"). If there is one primary filer among the inmate-plaintiffs, some courts permit that filer to proceed in the original action and dismiss the claims of the other-inmate plaintiffs without prejudice to refiling. *See, e.g., Gentry v. Lawton*

*Corr. Facility*, 2014 WL 2712305, at *2 (W.D. Okla. May 13, 2014) (noting one plaintiff "has been the dominate filer thus far" and that the other plaintiff should be "dismissed from the action and be instructed that if he wishes to pursue his claims, he must file an independent action").

There is no single primary filer in this case. Plaintiff Cartrell Smith identifies himself as the "lead plaintiff." (Doc. 5) at 1. However, Plaintiff Justin Christie has submitted the most filings and is the only inmate-plaintiff who returned an individual *in forma pauperis* motion. The Court also notes that dismissing the claims and requiring each inmate-plaintiff to file separately would not cause prejudice. The claims arose in 2024, at the earliest, and are not time-barred. (Doc. 3) at 20) (noting the date); *Varnell v. Dora Consol. School Dist.*, 756 F.3d 1208, 1212 (10th Cir. 2014) ("[F]or § 1983 claims arising in New Mexico the limitations period is three years"). None of the inmate-plaintiffs have paid a fee in this case; the Court deferred collecting any initial partial filing fees until after making a determination on the proposed joinder.

For these reasons, the Court finds a joinder is impractical in this case. The Court will dismiss this case, and each pleading herein, without prejudice. Each inmate-plaintiff may file a case limited to their own claims, if they wish to continue litigating. The Court will finally deny all pending motions (Docs. 2, 4, 5) as moot and without prejudice to refiling in each inmate-plaintiff's individual case.

IT IS ORDERED:

1. Plaintiffs' Prisoner Civil Rights Complaints (Docs. 1, 3) are dismissed without prejudice.

2. All pending motions (Docs. 2, 4, 5) are denied without prejudice.

3. The Court will enter a separate judgment closing the civil case.

4. The Clerk's Office shall mail each inmate-plaintiff a blank civil rights complaint

and a blank *in forma pauperis* motion for use in their own case.

/s/ KENNETH J. GONZALES[1]
CHIEF UNITED STATES DISTRICT JUDGE

---

[1] Please note that this document has been electronically filed. To verify its authenticity, please refer to the Digital File Stamp on the NEF (Notice of Electronic Filing) accompanying this document. Electronically filed documents can be found on the court's PACER public access system.